[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13159

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00326-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMEREGILDO ROMAN,
RAFAEL ANGEL RONDON,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 2, 2010)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

After a jury trial, Emeregildo Roman ("Mr. Roman") and Rafael Angel

Rondon ("Mr. Rondon") were together convicted of more than two dozen charges arising out of six bank robberies. They have raised ten issues on appeal. We will discuss two of those issues here.[1] After review and oral argument, we affirm.

## I.

Federal Rule of Criminal Procedure 21 provides that "[u]pon the defendant's motion, the court must transfer the proceeding . . . to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). "We review a district court's denial of a Rule 21 motion for change of venue for an abuse of discretion." United States v. Campa, 459 F.3d 1121, 1143 (11th Cir. 2006) (en banc).

Mr. Roman and Mr. Rondon argue that the motion to change venue should have been granted due to the prejudicial effect of the pretrial publicity. In

---

[1] The other eight issues are as follows: (1) whether the district court abused its discretion by denying Mr. Roman's motion to sever defendants; (2) whether the district court abused its discretion by denying Mr. Roman's motion to sever counts; (3) whether the district court erred by denying Mr. Roman's motion to suppress his statement; (4) whether the district court abused its discretion by admitting evidence of Mr. Roman's expenditures; (5) whether sufficient evidence supported Mr. Roman's convictions; (6) whether the district court plainly erred by failing to include the definition of a firearm when it instructed the jury on the elements of an offense under 18 U.S.C. § 924(c); (7) whether this court's 18 U.S.C. § 924(c) pattern jury instruction violates the Sixth Amendment; and (8) whether the district court clearly erred by denying Mr. Roman's objections to his presentence investigation report. After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of these arguments.

particular, they point to the magistrate judge's comment at a bail reconsideration hearing that Mr. Rondon was "guilty as heck," which was reported in a local newspaper. They also rely on (1) the fact that 86% of the prospective jurors questioned had heard about the charges or persons prior to showing up for jury duty; (2) observations by the district court that the case had garnered unusual attention; and (3) the purported thousands of online references to the Band-Aid Bandit.[2]

The district court did not abuse its discretion when it denied the motion to change venue. Mr. Roman and Mr. Rondon have not explained how a six-sentence article appearing on an interior page of a local newspaper two months before trial amounted to "'inflammatory, prejudicial pretrial publicity that so pervade[d] or saturate[d] the community as to render virtually impossible a fair trial by an impartial jury drawn from that community.'" Coleman v. Kemp, 778 F.2d 1487, 1490 (11th Cir. 1985) (quoting Mayola v. Alabama, 623 F.2d 992, 997 (5th Cir. 1980)).[3] Although many members of the venire had heard the term "Band-Aid

---

[2] A number of banks in west central Florida were robbed by a man who wore a band-aid on his left cheek and thus became known as the "Band-Aid Bandit." The government's theory at trial was that Mr. Rondon, who was accused of being the Band-Aid Bandit, wore the band-aid to hide an identifiable mole on his left cheek.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Bandit," few knew anything more than that nickname. No one admitted to seeing the thousands of articles defendants say exist online.

Only one juror had any particularized knowledge of the names or events described in the indictment: he knew the location of two of the banks that had been robbed. However, the juror had not seen any news reports for the past year, a time period which encompassed the newspaper article on the magistrate judge's comment. In addition, that juror, like all of the other jurors who were familiar with the news reports, indicated that he would have no problem being fair and impartial. The fact that some jurors vaguely recalled the robberies does not necessarily indicate that they were predisposed against Mr. Roman or Mr. Rondon. See Murphy v. Florida, 421 U.S. 794, 800 & n.4, 95 S. Ct. 2031, 2036 & n.4 (1975) (finding no prejudice even though some jurors "had a vague recollection of the robbery with which petitioner was charged" and every juror "had some knowledge of petitioner's past crimes"). "[T]he Supreme Court has ruled that we cannot presume prejudice in the absence of a 'trial atmosphere . . . utterly corrupted by press coverage.'" Campa, 459 F.3d at 1144 (quoting Dobbert v. Florida, 432 U.S. 282, 303, 97 S. Ct. 2290, 2303 (1977)). Mr. Roman and Mr. Rondon have not shown that the pretrial publicity in this case reached such a level.

## II.

"We review for abuse of discretion the district court's decision not to grant a mistrial." United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007). "A mistrial should be granted if the defendant's substantial rights are prejudicially affected. This occurs when there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different." Id. "We make this determination in the context of the entire trial and in light of any curative instruction." Id. "When a curative instruction has been given to address some improper and prejudicial evidence, we will reverse only if the evidence 'is so highly prejudicial as to be incurable by the trial court's admonition.'" United States v. Perez, 30 F.3d 1407, 1410 (11th Cir. 1994) (quoting United States v. Funt, 896 F.2d 1288, 1295 (11th Cir. 1990)). "[W]hen the record contains sufficient independent evidence of guilt, any error was harmless." Newsome, 475 F.3d at 1227.

Mr. Roman and Mr. Rondon argue that they were entitled to a mistrial because a government witness made improper comments while testifying. The government called Agent Fred Harden to testify about the firearm seized at Mr. Rondon's home. The prosecutor then asked the following question: "Have there been any more robberies that you are aware of by individuals fitting the description

5

of the Band-aid Bandit and his accomplice since July 20th, 2006 when they were arrested?" Agent Harden replied, "No, ma'am." After the agent responded to another question, defense counsel objected and moved for a mistrial. The district court denied the motion, instead telling the jury, "I strike the answer with respect to the cessation of these robberies and I instruct you to disregard the matter."

Even if we were to assume that the question posed by and the answer elicited by the government were improper, the district court did not abuse its discretion when it declined to grant a mistrial. After Mr. Roman and Mr. Rondon objected to the testimony, the district court promptly told the jury to disregard the agent's statement. The district court also later instructed the jury on the presumption of innocence and the government's burden of proof. Neither Mr. Roman nor Mr. Rondon objected to the curative instruction or the instructions given by the district court before the jury retired to deliberate. In the light of the district court's curative instruction, the fact that Mr. Roman and Mr. Rondon did not object to any of the jury instructions, and the other evidence supporting Mr. Roman's and Mr. Rondon's guilt, we cannot say that "there is a reasonable probability that, but for [the agent's] remarks, the outcome of the trial would have been different." Newsome, 475 F.3d at 1227.

For the foregoing reasons, Mr. Roman's convictions and sentence and Mr.

Rondon's convictions are **AFFIRMED**.